1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br>JOSE ANTONIO REYES, JR.,<br><br>           Defendant. | Case No. <u>25-CR-4147-JES</u><br><br>**I N F O R M A T I O N**<br>  **(Superseding)**<br><br>Title 18, U.S.C., Sec. 554(a) –<br>Smuggling Goods from the United<br>States; Title 18, U.S.C., Sec. 924(h)<br>– Receipt of Ammunition Used to<br>Commit a Felony; Title 18, U.S.C.,<br>Sec. 924(d)(1), Title 19, U.S.C. Sec.<br>1595a, and Title 28, U.S.C., Sec.<br>2461(c) - Criminal Forfeiture |

The United States Attorney charges:

At all times relevant to this Superseding Information:

**INTRODUCTORY ALLEGATIONS**

1.   The Export Control Reform Act of 2018 ("ECRA") provided, among its stated objectives, that "[t]he national security and foreign policy of the United States required that the export, reexport, and in-country transfer of items, and specific activities of United States persons, wherever located, be controlled." 50 U.S.C. § 4811(2). To that end, ECRA granted the President the authority to control "(1) the export, reexport, and in-country transfer of items subject to the jurisdiction of the United States, whether by United States persons or by foreign persons;

BCPE:11/24/25

and (2) the activities of United States persons, wherever located, relating to" specific categories of items and information. 50 U.S.C. § 4812(a). ECRA further granted to the Secretary of Commerce the authority to establish the applicable regulatory framework. 50 U.S.C. § 4813(a).

2.    Pursuant to ECRA, the Department of Commerce ("DOC") reviewed and controlled the export of certain items, including commodities, software, and technologies, from the United States to foreign countries through the Export Administration Regulations ("EAR"), Title 15, Code of Federal Regulations, parts 730-774. In particular, the EAR restricted the export of items that could make a significant contribution to the military potential of other nations or that could be detrimental to the foreign policy or national security of the United States. The EAR imposed licensing and other requirements for items subject to the EAR to be exported lawfully from the United States or re-exported lawfully from one foreign destination to another.

3.    The most sensitive items subject to the EAR controls were identified in the Commerce Control List ("CCL"), published at Title 15, Code of Federal Regulations, part 774, Supp. No. 1. Items on the CCL are categorized by an Export Control Classification Number ("ECCN") based on their technical characteristics. Each ECCN had export control requirements depending on the destination, end user, and end use.

4.    The DOC was responsible for licensing the export of a variety of firearms and related commodities from the United States. When required, these licenses were issued by the DOC's Bureau of Industry and Security ("BIS").

5.    As described further herein, the ammunition possessed in furtherance of the offense set forth in Count 1 of this Superseding

Information had been classified by BIS under ECCN 0A505.a (ammunition). Items under these ECCNs were controlled for export to Mexico for the following reasons: (i) National Security, (ii) Regional Stability, (iii) Firearms Convention, and (iv) Crime Control. See 15 C.F.R., part 738.2(d); 15 C.F.R., part 738, Supp. No. 1; 15 C.F.R., part 774, Supp. No. 1. Accordingly, the caliber ammunition, as set forth in Count 1 of this Superseding Information, that was subject to export from the United States to Mexico required an export license issued by the BIS. 15 C.F.R., part 736.2(b).

6.    Pursuant to 50 U.S.C. § 4819(a)(1), "[i]t shall be unlawful for a person to violate, attempt to violate, or cause a violation of this subchapter or of any regulation, order, license, or authorization issued this subchapter, including any of the unlawful acts described in paragraph (2)." Pursuant to paragraph (2), "[n]o person may order, buy, remove, conceal, store, use, sell, loan, dispose of, transfer, transport, finance, forward, otherwise service, in whole or in part, or conduct negotiations to facilitate such activities for, any items exported from the United States, or that is otherwise subject to the [EAR], with knowledge that a violation of this subchapter, the [EAR], or any order, license or authorization issued thereunder, has occurred, is about to occur, or is intended to occur in connection with the item unless valid authorization is obtained therefor." 50 U.S.C. § 4819(a)(2). Pursuant to 50 U.S.C. § 4819(b), "[a] person who willfully commits, willfully attempts to commit, or willfully conspires to commit, or aids and abets in the commission of, an unlawful act described in subsection (a)" shall be guilty of a crime.

//

//

### Count 1

**(Smuggling Goods from the United States)**

**[18 U.S.C. § 554]**

7.    Paragraphs 1 to 6 are re-alleged and incorporated herein.

8.    On or about June 3, 2025, within the Southern District of California and elsewhere, defendant JOSE ANTONIO REYES, JR., did fraudulently and knowingly export and send from the United States, and attempt to export and send from the United States, any merchandise, article, and object, to wit: approximately 120 rounds of .223 caliber Remington ammunition, contrary to a law and regulation of the United States, that is, the laws and regulations specified in paragraphs 1 through 6 of this Superseding Information; all in violation of Title 18, United States Code, Section 554(a).

### Count 2

**(Receipt of Ammunition Used to Commit a Felony)**

**[18 U.S.C. § 924(h)]**

9.    On or about June 3, 2025, within the Southern District of California and elsewhere, defendant JOSE ANTONIO REYES, JR., did knowingly receive ammunition, to wit: approximately 120 rounds of .223 caliber Remington ammunition, knowing and having reasonable cause to believe that the ammunition would be used to commit a felony, namely Smuggling Goods from the United States, as charged in Count 1 of the Superseding Information; all in violation of Title 18, United States Code, Section 924(h).

### FORFEITURE ALLEGATIONS

10.    The allegations contained in the Superseding Information are realleged herein and incorporated as a part hereof for purposes of seeking forfeiture to the United States of America pursuant to the

1  provisions of Title 18, United States Code, Section 924(d), Title 19,

2  United States Code, Section 1595a, and Title 28, United States Code,

3  Section 2461(c).

4      11.  Upon conviction of the offenses alleged in the Superseding

5  Information and pursuant to Title 18, United States Code, Section 924(d),

6  Title 19, United States Code, Section 1595a, and Title 28, United States

7  Code, Section 2461(c), defendant JOSE ANTONIO REYES JR., shall forfeit

8  to the United States all property used in and to facilitate the offense,

9  all merchandise introduced and attempted to be introduced contrary to

10 law, and all firearms and ammunition involved in the offense.  The

11 property to be forfeited includes but is not limited to approximately

12 120 rounds of .223 caliber Remington ammunition.

13 All in violation of Title 18, United States Code, Section 924(d),

14 Title 19, United States Code, Section 1595a, and Title 28, United States

15 Code, Section 2461(c).

16     DATED: November 20, 2025.

18         ADAM GORDON
        United States Attorney

20         *Bianca Calderon-Peñaloza*

21         BIANCA CALDERON-PEÑALOZA
        Assistant U.S. Attorney