ADAM GORDON
United States Attorney
BIANCA CALDERON-PEÑALOZA
Assistant U.S. Attorney
California Bar No. 45710
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8573

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**FILED**

DEC 0 4 2025

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-CR-4147-JES |
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| JOSE ANTONIO REYES JR. | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, ADAM GORDON, United States Attorney, and Bianca Calderon-Peñaloza, Assistant United States Attorney, and defendant, JOSE ANTONIO REYES JR., with the advice and consent of Jordan B. Schaer, counsel for defendant, as follows:

//
//
//
//
//
//
//

BCPE:11/10/25

Def. Initials ____

# I

## **THE PLEA**

A.   THE CHARGE

Defendant agrees to plead guilty to Count 1 of a two count Information charging him with knowingly and willfully attempting to export merchandise, articles, and objects from the United States in violation of Title 18, United States Code, Section 554(a).

In addition, Defendant consents to the forfeiture allegations of the Information and consents to the forfeiture of all properties seized in connection with this case. Defendant further agrees the attached Forfeiture Addendum shall govern forfeiture in this case.

B.   NO SUBSTANTIVE MOTIONS AND DISPOSITION OF EVIDENCE

In return for the concessions made by the Government herein, Defendant agrees further as follows:

1.   Defendant will not file any substantive motions (including those described in Fed. R. Crim. P. 12 and shall not file any motion or appeal as to bond in any Court more than 28 calendar days after the initial appearance in this matter unless defendant has entered a guilty plea in open Court; and

2.   Upon acceptance of defendant's guilty plea by the District Court, and not withstanding any preservation order(s) entered by the District Court, the Government need not hold or preserve any evidence seized in connection with this case, including but not limited to:

a. Any cellular device(s); and

b. Any vehicle(s).

3.   Upon acceptance of defendant's guilty plea by the District Court, the defendant will not oppose any motion by the Government to move that the Court lift or revoke any preservation order.

C.   FORFEITURE

Defendant further agrees to the administrative and/or civil forfeiture of all properties seized in connection with this case.

2

Def. Initials ___JN___
____CR_____

Defendant further waives defendant's right to receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other administrative and civil proceedings.    Defendant waives and disclaims defendant's interest, if any, in the properties to be forfeited as described above. Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case. By signing this plea agreement defendant is hereby withdrawing any and all claims and any and all petitions relating to or arising from the seizures and forfeiture of properties in connection with this case. The parties agree that the attached forfeiture addendum will govern forfeiture matters in this case.

II

**NATURE OF THE OFFENSE**

A.    ELEMENTS EXPLAINED

The offense to which defendant is pleading guilty has the following elements:

1.   Defendant knowingly exported or attempted to export from the United States merchandise or concealed or in any matter facilitated the transportation or concealment of such merchandise prior to exportation, knowing the same to be intended for exportation;

2.   The exportation was contrary to 50 U.S.C. §§ 4819(a)(1), (a)(2), (b) (Conduct Prohibited by the Export Administration Regulations (EAR)); 15 C.F.R. § 736.2 (Prohibition to Export Items listed in EAR's Commerce Control List without a License), and 15 C.F.R. § 774, Supp. No. 1 (Commerce Control List);

3.   Defendant knew the exportation was contrary to law or regulation; and

4.   Defendant did something that was a substantial step toward committing the crime.

3

Def. Initials _____

25CR4147-JES

B.   ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. On or about June 3, 2025, defendant attempted to depart the United States to Mexico in a White Toyota Corolla (vehicle) via an outbound lane at the San Ysidro, California, Port of Entry (POE), located within the Southern District of California. Defendant was the driver and registered owner of the vehicle.

2. Concealed within a lockbox in a non-factory compartment front passenger headrest was merchandise in a plastic bag, including six boxes containing 120 rounds of .223 AR-style ammunition. Defendant knew that the non-factory compartment front passenger headrest contained this merchandise and knowingly attempted to export the merchandise from the United States to Mexico. Prior to arriving at the POE, Defendant purchased the ammunition from a Federal Firearm Licensee in San Diego County and concealed the ammunition in the headrest.

3. The merchandise within the non-factory compartment front passenger headrest was enumerated on the Department of Commerce, Bureau of Industry and Security (BIS) Commerce Control List. The exportation of this merchandise was contrary to 50 U.S.C. §§ 4819(a)(1), (a)(2), (b), 15 C.F.R. § 736.2, and 15 C.F.R. § 774, Supp. No. 1.

4. Defendant knew the exportation of this merchandise was contrary to law or regulation.

5. Defendant did something that was a substantial step toward committing the crime. Specifically, Defendant attempted to export the merchandise from the United States to Mexico. At the POE, Defendant did not declare the merchandise to U.S. Customs and Border Protection. Defendant did not produce a license issued by BIS, nor had he been issued a license to export ammunition.

III

PENALTIES

The crime to which defendant is pleading guilty carries the following penalties:

4

Def. Initials _JR_

25CR4147-JES

A.   a maximum 10 years in prison;

B.   a maximum $250,000 fine;

C.   a mandatory special assessment of $100.00 per count;

D.   a term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release;

E.   possible ineligibility for certain Federal benefits;

F.   Forfeiture to the United States of any firearms and ammunition involved in the offense; and

G.   Forfeiture to the United States of merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation.

IV

**DEFENDANT'S WAIVER OF TRIAL RIGHTS
AND UNDERSTANDING OF CONSEQUENCES**

This guilty plea waives defendant's right at trial to:

A.   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.   A speedy and public trial by jury;

C.   The assistance of counsel at all stages of trial;

D.   Confront and cross-examine adverse witnesses;

E.   Testify and present evidence and to have witnesses testify on behalf of defendant; and

F.   Not testify or have any adverse inferences drawn from the failure to testify.

5

Def. Initials _____
25CR4147-JES

V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE
## PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

VI

## DEFENDANT'S REPRESENTATION THAT GUILTY
## PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.  Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. Defendant understands that, by pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which will serve as grounds to withdraw defendant's guilty plea;

B.  No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court;

6

Def. Initials _JK_

25CR4147-JES

C.   No one has threatened defendant or defendant's family to induce this guilty plea; and,

D.   Defendant is pleading guilty because defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

//

Def. Initials _JA_

25CR4147-JES

IX

**SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what defendant's sentence will be. The Government has not made and will not make any representation as to what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, defendant will not withdraw the plea.

X

**PARTIES' SENTENCING RECOMMENDATIONS**

A.   SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

1.   Base Offense Level [USSG §§ 2M5.2]          14

2.   Acceptance of Responsibility [§ 3E1.1]          -2

B.   ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

Def. Initials _JK_
25CR4147-JES

1.   Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2.   Falsely denies prior criminal conduct or convictions;

3.   Is untruthful with the Government, the Court or probation officer; or

4.   Breaches this plea agreement in any way.

5.   Contests or assists any third party in contesting the forfeiture of property(ies) seized in connection with this case, and any property(ies) to which the Defendant has agreed to forfeit as set forth in the attached forfeiture addendum.

C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant **may** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to defendant's Criminal History Category, except that, if defendant is determined to be a Career Offender, the parties agree that defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

//

//

Def. Initials _____

25CR4147-JES

F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The parties agree to recommend one year of probation, after incorporating a variance under 18 U.S.C. § 3553(a) the equivalent of one level under the Sentencing Guidelines[1] or the time served in custody at the time of sentencing.

G.   SPECIAL ASSESSMENT AND FINE

1. Special Assessment and Fine

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing.  The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will not recommend imposition of a fine due to defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

2. Forfeiture

Defendant agrees that the provisions of the attached Forfeiture Addendum shall govern forfeiture in this case.

XI

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence.  This waiver includes, but is not limited to, any argument that the statute of

---

[1] This variance is in consideration of Defendant's expeditious resolution of the case and waiver of appeal.

10

Def. Initials _JN_

25CR4147-JES

1  conviction or defendant's prosecution is unconstitutional and any
2  argument that the facts of this case do not constitute the crime charged.
3  The only exception is defendant may collaterally attack the conviction
4  or sentence on the basis that defendant received ineffective assistance
5  of counsel. If defendant appeals, the Government may support on appeal
6  the sentence or restitution order actually imposed.

7                                   XII

8                   **BREACH OF THE PLEA AGREEMENT**

9        Defendant and defendant's attorney know the terms of this agreement
10  and shall raise, before the sentencing hearing is complete, any claim
11  that the Government has not complied with this agreement. Otherwise,
12  such claims shall be deemed waived (that is, deliberately not raised
13  despite awareness that the claim could be raised), cannot later be made
14  to any Court, and if later made to a Court, shall constitute a breach
15  of this agreement.

16       Defendant breaches this agreement if defendant violates or fails
17  to perform any obligation under this agreement. The following are non-
18  exhaustive examples of acts constituting a breach:

19       A.   Failing to plead guilty pursuant to this agreement;

20       B.   Failing to fully accept responsibility as established in
21            Section X, paragraph B, above;

22       C.   Failing to appear in Court;

23       D.   Attempting to withdraw the plea;

24       E.   Failing to abide by any Court order related to this case;

25       F.   Appealing (which occurs if a notice of appeal is filed) or
26            collaterally attacking the conviction or sentence in violation
             of Section XI of this plea agreement; or

27       G.   Engaging in additional criminal conduct from the time of
             arrest until the time of sentencing.

28

                                    11          Def. Initials _JR_
                                                 25CR4147-JES

If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

Def. Initials _____
25CR4147-JES

1

2

## XIII

## CONTENTS AND MODIFICATION OF AGREEMENT

3      This plea agreement embodies the entire agreement between the

4  parties and supersedes any other agreement, written or oral. No

5  modification of this plea agreement shall be effective unless in writing

6  signed by all parties.

7

8

## XIV

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

9      By signing this agreement, defendant certifies that defendant has

10  read it (or that it has been read to defendant in defendant's native

11  language). Defendant has discussed the terms of this agreement with

12  defense counsel and fully understands its meaning and effect.

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

Def. Initials

25CR4147-JES

XV

**DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

ADAM GORDON
United States Attorney

11/10/2025
_____
DATED

*Bianca Calderon-Peñaloza*
_____
BIANCA CALDERON-PEÑALOZA
Assistant U.S. Attorney

11/17/2025
_____
DATED

_____
JORDAN B. SCHAER
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

11/17/2025
_____
DATED

_____
JOSE ANTONIO REYES JR.
Defendant

Approved by:

*s/ James Redd*
_____
JAMES REDD
Assistant U.S. Attorney

14

Def. Initials

25CR4147-JES

**FORFEITURE ADDENDUM**

**United States v. Jose Antonio Reyes Jr.**

**25CR4147-JES**

Defendant's convictions will include forfeiture. This forfeiture addendum is incorporated into and as a part of Defendant's plea agreement, and the additional terms and warnings below apply. Defendant understands that forfeiture is mandatory for the offenses to which he is pleading guilty.

A.    Penalty. In addition to the penalties in the plea agreement, federal law requires forfeiture from the Defendant of all firearms and magazines involved in the offenses pursuant to Title 18, United States Code, Section 924(d); Title 19, United States Code, Section 1595a; and Title 28, United States Code, Section 2461(c).

B.    Property Subject to Forfeiture. As part of Defendant's guilty plea to Count 1 of the Information, as set forth in section I of the plea agreement, Defendant agrees to forfeit all property seized in connection with this case, including but not limited to:

(1) 120 rounds of .223 AR-style ammunition.

C.    Basis of Forfeiture. Defendant agrees that the ammunition described above as involved in the offense of conviction and are merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, and are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 924(d); Title 19, United States Code, Section 1595a; and Title 28, United States Code, Section 2461(c). Defendant consents to the forfeiture allegations in the Indictment and consents to forfeiture

to the United States of all other properties seized in connection with this case.

D.  <u>Immediate Entry of Preliminary Order of Forfeiture</u>. Defendant consents and agrees to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea. Defendant agrees that upon entry of the preliminary order of forfeiture, such order shall be final as to Defendant's interests in the properties. Defendant agrees to immediately withdraw any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case that are directly or indirectly related to the criminal conduct. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process. Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility.  Defendant is withdrawing any and all claims and petitions in any and all related proceedings by signing this addendum.

E.  <u>Entry of Orders of Forfeiture and Waiver of Notice</u>. Defendant consents and agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be

1    imposed in this case and waives any failure by the Court to advise
2    Defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court
3    accepts the guilty plea.

4        F.    Waiver of Constitutional and Statutory Challenges. Defendant
5    further agrees to waive all constitutional and statutory challenges
6    (including direct appeal, habeas corpus, or any other means) to any
7    forfeiture carried out in accordance with this agreement, including any
8    claim that the forfeiture constitutes an excessive fine or punishment
9    under the United States Constitution. Defendant agrees to take all steps
10   as requested by the United States to pass clear title to forfeitable
11   assets to the United States and to testify truthfully in any judicial
12   forfeiture proceeding.
13   //
14   //
15   //
16   //
17   //
18   //
19   //
20   //
21   //
22   //
23   //
24   //
25   //
26   //
27   //
28

Forfeiture Addendum                    3                    Def. Initials _____

25CR4147-JES

1    G.    Agreement Survives Defendant; No Forfeiture Abatement.

2  Defendant agrees that the forfeiture provisions of this plea agreement

3  are intended to, and will, survive Defendant, notwithstanding the

4  abatement of any underlying criminal conviction after the execution of

5  this agreement. The forfeitability of any particular property pursuant

6  to this agreement shall be determined as if Defendant had survived, and

7  that determination shall be binding upon Defendant's heirs, successors

8  and assigns until the agreed forfeiture, including any agreed money

9  judgment amount, is collected in full.

10

11                                             ADAM GORDON
                                               United States Attorney

12  11/10/2025                                 *Bianca Calderon-Peñaloza*
     ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾                            BIANCA CALDERON-PEÑALOZA
13  DATED                                      Assistant U.S. Attorney

14  11/17/2025
     ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾                           ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
15  DATED                                      JORDAN B. SCHAER
                                               Defense Counsel

16  11/17/2025
     ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾                           ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
17  DATED                                      JOSE ANTONIO REYES JR.
                                               Defendant

18

19

20

21

22

23

24

25

26

27

28

Forfeiture Addendum                    4                    Def. Initials _JR_

                                                           25CR4147-JES